Kenneth M. Trujillo-Jamison (Bar No. 280212)
ktrujillo-jamison@willenken.com
Mayra de Aguiar (Bar No. 212709)
mdeaguiar@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 4100
Los Angeles, California 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250

Attorneys for Defendant X Corp.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE 1 AND JOHN DOE 2,<br><br>Plaintiffs,<br><br>v.<br><br>X CORP.; AND DOES 1-50,<br><br>Defendants. | Case No.: 3:26-cv-10913<br><br>**NOTICE OF REMOVAL OF ACTION** |

**PLEASE TAKE NOTICE** that, under 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant X Corp. ("X") removes this action, *Doe #1 v. X Corp.*, Case No. CGC-26-639873—with reservation of all rights and defenses—from the Superior Court of the County of San Francisco, California, to the United States District Court for the Northern District of California. In support of removal, X states as follows:

## BACKGROUND

1. On August 12, 2026, Plaintiffs John Doe #1 and John Doe #2 ("Plaintiffs") filed suit against X in the Superior Court of the County of San Francisco, California, in *Doe #1 v. X Corp.*, Case No. CGC-26-639873 (the "State Court Action"). As required by 28 U.S.C. § 1446(a), all process, pleadings, and orders served on X in the State Court Action to date are attached hereto as **Exhibit 1**.

2. Plaintiffs allege that, on an unspecified date, content that amounted to child pornography depicting images of Plaintiffs was posted on Twitter, and that Twitter failed to immediately remove the posts as requested by Plaintiffs.[1] Compl. ¶¶ 12–14. According to Plaintiffs, it took Twitter nine days to remove the posts. *Id*. ¶ 15.

3. The Complaint asserts three claims against X, styled as (1) strict products liability, (2) negligent products liability, and (3) negligent failure to report (breach of mandatory duty). *Id*. ¶¶ 26–59. Plaintiff seeks injunctive relief; compensatory, special, consequential, general, and nominal damages; restitution and disgorgement; punitive damages; attorneys' fees; statutory penalties; pre- and post-judgment interest; and any other equitable relief as the court deems just and proper. *Id*., Prayer for Relief.

## TIMELINESS

4. As reflected in the Proof of Service of Process attached as part of Exhibit 1, Plaintiffs served X with a copy of the summons and Complaint on August 26, 2026. X timely files this notice of removal within thirty days of that service. *See* 28 U.S.C. § 1446(b).

---

[1] "Twitter" the social media platform has been rebranded as "X." For ease of reference, this notice of removal continues to refer to the platform as "Twitter" because the Complaint does so.

**DIVERSITY OF CITIZENSHIP**

5. This Court has original subject-matter jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. The parties' citizenship must be assessed at the time of the filing of the Complaint. *Amco Ins. Co. v. Abby Farms, Inc.*, No. CV F 08-1684 LJO GSA, 2009 WL 1513618, at *2 (E.D. Cal. May 28, 2009) ("A party's citizenship for diversity purposes is assessed at the time the complaint was first filed.") (internal quotation marks and citation omitted); *Kaur v. Bajwa*, No. CV F 07-1059 LJO DLB, 2007 WL 2904222, at *3 (E.D. Cal. Oct. 3, 2007) ("The jurisdiction of the court depends upon the state of things at the time of the action brought.").

7. Plaintiffs reside in and are citizens of Florida. Compl. ¶¶ 1–2.

8. X is, and was when this action was commenced, a corporation incorporated under the laws of Nevada. *Id.* ¶ 2.

9. X maintains its current principal place of business in Texas. That is the place from which X's officers direct, control, and coordinate the corporation's activities and therefore constitutes X's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

10. Under 28 U.S.C. § 1332(c)(1), X is therefore a citizen of Nevada and Texas.

11. No Plaintiff is a citizen of Nevada or Texas. Compl. ¶¶ 1-2.

12. Complete diversity thus exists between Plaintiffs and X.

13. Because X is not a citizen of California, the forum-defendant limitation in 28 U.S.C. § 1441(b)(2) does not preclude removal.[2]

---

[2] Plaintiffs allege that at the time the events underlying the Complaint took place, X's headquarters and principal place of business were in San Francisco, California. Compl. ¶ 3. Those allegations are irrelevant to removal because, as noted, diversity of citizenship must be determined as of the date when the action was commenced.

**AMOUNT IN CONTROVERSY**

14. When removal rests on diversity jurisdiction, the notice must contain a "plausible allegation" that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Where, as here, a complaint does not request a specific quantum of damages, the Court studies the face of the complaint to determine whether the case satisfies the amount in controversy. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006).

15. Here, Plaintiffs allege that they suffered serious harm and personal injury, including psychological, physical, financial, and reputational harm as a result of intimate images of them circulating on Twitter. Compl. Compl. ¶¶ 25, 48, 59. Plaintiffs seek compensatory damages in an unspecified amount as well as punitive damages. *Id.* at 10.

16. Furthermore, Plaintiffs' third cause of action for negligent failure to report is brought pursuant to 18 U.S.C. §§ 2252, 2258B-E, 2702, and 2703. Complaint ¶¶ 51–59. Damages for a claim for violation of 18 U.S.C. § 2252A are codified under 18 U.S.C. § 2255(a) which specifically provides that, at a minimum, "[a]ny person who, while a minor, was a victim of a violation of section . . . 2252A . . . may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action . . . . The court may also award punitive damages and such other preliminary and equitable relief as the court determines to be appropriate." 18 U.S.C. § 2255(a).

17. Thus, the amount in controversy exceeds $75,000, exclusive of interest and costs.

18. X denies that Plaintiffs are entitled to any recovery. The amount-in-controversy inquiry concerns the value of the relief Plaintiffs have placed at issue, not the ultimate merit or value of their claims.

**ORIGINAL JURISDICTION**

19. The Court also has original jurisdiction under 28 U.S.C. § 1331 because Plaintiffs expressly assert a claim for relief arising under federal law.

20. Plaintiffs' third cause of action alleges that X violated the reporting-requirements

imposed by 18 U.S.C. § 2258A and that this violation "gave rise to civil claims for relief under 18 U.S.C. § 2258B(b). Compl. ¶¶ 51–53.

21. Plaintiffs then invoke, and purport to plead, the standards established by 18 U.S.C. § 2258B(b)(1), (b)(2)(B), and (b)(2)(C). *Id.* ¶¶ 54–56. Thus, on the face of the complaint, Plaintiffs seek relief under federal law.[3]

## OTHER MATTERS

22. X Corp. is the only named defendant in this action. Accordingly, no consent from any other defendant is necessary.

23. Promptly after filing this Notice, X Corp. will provide written notice of removal to Plaintiffs and will file a copy of this Notice with the Clerk of the Superior Court of the County of San Francisco, California, as required by 28 U.S.C. § 1446(d).

24. Venue for this removal action is proper under 28 U.S.C. § 1441(a) because the Northern District of California is the district embracing the place where this action was pending.

25. By filing this Notice, X does not waive, and expressly preserves, all defenses, objections, and motions available under federal or state law, including defenses concerning personal jurisdiction, venue, service, failure to state a claim, arbitration, contractual forum-selection provisions, and statutes of limitation.

**WHEREFORE**, X respectfully removes this action from the Superior Court of the County of San Francisco, California, to the United States District Court for the Northern District of California.

Respectfully submitted,

Dated: September 24, 2026

WILLENKEN LLP

By: */s/ Kenneth M. Trujillo-Jamison*
Kenneth M. Trujillo-Jamison
Attorneys for Defendant X Corp.

---

[3] Whether 18 U.S.C. §§ 2258A and 2258B ultimately authorize the relief that Plaintiffs seek is a merits question, not a jurisdictional one. "[A] district court has subject matter jurisdiction to determine whether a private right of action exists under federal law." *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1152 (9th Cir. 2013).